IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE HAMILTON BATEMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1527-M |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. §
636(b) and a standing order of reference from the district court. The findings and recommendation
of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Kyle Hamilton Bateman, an inmate
in the Dallas County Jail, against the Dallas County Commissioner's Court, Sheriff Lupe Valdez,
various UTMB officers, and jail employees. On August 1, 2005, plaintiff tendered a complaint to
the district clerk and filed an application to proceed *in forma pauperis*. Because the information
provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute
this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.
Two different *Spears*[1] questionnaires then were sent to plaintiff in order to obtain additional
information about the factual basis of his suit. Plaintiff answered the questionnaires on August 26,

---

[1]  *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

2005 and September 13, 2005.  The court now determines that this action should be summarily

dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff is serving a 180-day sentence in the Dallas County Jail for contempt of court for

failure to pay child support.  Since his incarceration in May 2005, plaintiff alleges that he has

received inadequate medical care for a gum infection and bronchitis, was assaulted by another

inmate, and has been denied access to the law library.  Plaintiff also challenges a jail policy

prohibiting inmates serving sentences for contempt of court from receiving good time credits.  By

this suit, plaintiff seeks $2 million in damages and "continuing medical care for 10 years."

## III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

(1)     is frivolous or malicious;

(2)     fails to state a claim upon which relief can be granted; or

(3)     seeks money relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-*

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the

present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff has failed to state a claim for relief against:  (1)

Dallas County Sheriff Lupe Valdez; (2) Dr. John Stobo, President of UTMB; (3) Dr. Ben Raimer,

Vice President of Correctional Health Care Services for UTMB; and (4) Dr. Zachary Thompson,

Dallas County Health Director.  As supervisors, these defendants are liable only if:  (1) they

affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented

unconstitutional policies that resulted in injury to plaintiff.  *Mouille v. City of Live Oak, Texas*, 977

F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993).  It is clear from plaintiff's

interrogatory answers that none of these defendants were personally involved in any of the alleged

constitutional deprivations made the basis of this suit.  Instead, plaintiff alleges that Valdez, Stobo

and Raimer are responsible for "enforcing the strict requirements between UTMB and the Dallas

County Jail to insure that all Dallas County Jail inmates, including plaintiff, receive and enforce

proper medical care."  (*See* First *Spears* Quest. #5-7).  Plaintiff accuses Thompson of failing to

"properly train and or inform UTMB Medical Staff to provide proper health care at the Dallas

County Jail."  (Sec. *Spears* Quest. #8).  Nowhere does plaintiff identify any specific policies that

violate his constitutional rights.  Nor does he allege any facts linking these vague policies to any of

the defendants.  Consequently, plaintiff has failed to state a claim for relief against Valdez, Stobo,

Raimer, and Thompson in their individual capacities.  *See Jett v. Dallas Independent School Dist.*,

491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's*

*Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005).

B.

Plaintiff first contends that he has been denied adequate medical care while incarcerated in the Dallas County Jail.  In order to prevail on this claim, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

By his own admission, plaintiff was examined for a gum infection and given Amoxicillin and Drixoral.  This negates any claim of deliberate indifference on the part of jail officials.  *See Kelly v. Alford*, No. 3-03-CV-1259-P, 2003 WL 22456810 at *2 (N.D. Tex. Oct. 23, 2003) (Kaplan, J.), *citing Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (disagreement over course of treatment is not actionable under section 1983).  It is not clear whether plaintiff has received medical treatment for bronchitis.  However, his only symptoms are "chest pain, itchy throat, shortness of breath, dizziness, cold sweats, ongoing pain throughout my neck, tunnel vision, a throbbing head, congestion, and yellow mucous."  (First *Spears* Quest. #2).  Such symptoms are insufficient to establish "physical injury" under the PLRA.[2]  *See, e.g. Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004) (nausea and vomiting caused

---

[2]  The PLRA provides, in pertinent part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

by raw sewage on floor of jail cell was *de minimis*); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.

1997) (same as to sore ear lasting for three days); *Morgan*, 2005 WL 57282 at \*2 (claim of "undue

pain" on a regular basis insufficient to establish physical injury).

C.

Plaintiff further alleges that jail officials failed to protect him from being assaulted by

another inmate.  This claim is also governed by the "deliberate indifference" standard of the Eighth

Amendment.  *Farmer*, 114 S.Ct. at 1984.  In order to be deliberately indifferent, jail officials must

be "aware of facts from which the inference could be drawn that a substantial risk of harm exist[ed]

prior to the assault."  *Cotton v. Ryan*, 119 Fed.Appx. 643, 644, 2005 WL 27604 at \*1 (5th Cir. Jan.

6, 2005), *quoting Farmer*, 114 S.Ct. at 1979.  Stated differently, the jail official must be subjectively

aware of a substantial risk of serious harm to the inmate.  *Adames v. Perez*, 331 F.3d 508, 512 (5th

Cir. 2003).

Although plaintiff was assaulted by Verdell Brewer on or about July 7, 2005, no facts are

alleged to suggest that jail officials knew or should have known of Brewer's violent propensities

before the attack.  This claim is without an arguable basis in law.

D.

Next, plaintiff complains that he has been denied access to the law library and legal

materials.  This claim must be analyzed under the more general right of access to the courts.  *See*

*Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977).  Such a right "is

founded on the Due Process Clause and assures that no person will be denied the opportunity to

present to the judiciary allegations concerning violations of fundamental constitutional rights."

*Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L. Ed.2d 935 (1974).  The right of

access to the courts is also recognized as one aspect of the First Amendment right to petition the

government for grievances.  *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S.

508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th

Cir. 1976).   However, no court has ever extended this right beyond the ability to prepare and

transmit necessary legal documents.  *See Wolff*, 94 S. Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816,

821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff has failed to explain how the actions of jail officials interfered with his right of

access to the courts.  He alleges only that, by not having access to unspecified statutes and case law,

he has not been able to research several pending lawsuits.  (*See* First *Spears* Quest. #4, Sec. *Spears*

Quest. #1-3).[3]  This vague allegation is wholly insufficient to state a constitutional violation.  *See*

*Swaissi v. Cotten*, No. 3-01-CV-1607-D, 2002 WL 492905 at *3 (N.D. Tex. Mar. 28, 2002) (Kaplan,

J.), *citing See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996)

(inmate must demonstrate that inadequate law library hindered efforts to pursue an actual legal

claim).

E.

Finally, plaintiff alleges that he has been denied good time credits on his 180-day sentence

for contempt of court.[4]  This claim, which implicates the fact and duration of plaintiff's confinement,

must be raised in an application for writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475,

487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973); *Pruett v. Texas*, 470 F.2d 1182, 1184 (5th Cir.

1973).  However, plaintiff admits that he has not presented this claim to the Texas Court of Criminal

---

[3]  Among the legal actions being prosecuted by plaintiff are two applications for state post-conviction relief, a federal writ of habeas corpus, two federal civil rights actions, and two grievances against his former attorneys. (*See* Sec. *Spears* Quest. #2).  A prior federal writ was dismissed without prejudice for failure to exhaust state remedies. *Bateman v. Valdez*, No. 3-05-CV-1423-N (N.D. Tex. Jul. 29, 2005).

[4]  The sheriff has discretion to award good time credits to inmates serving sentences in the Dallas County Jail. *See* Tex. Code Crim. Proc. Ann. art. 42.032.

Appeals.  (*See* Sec. *Spears* Quest. #7).  Unless and until plaintiff exhausts his state remedies, he may

not seek federal habeas relief.

**<u>RECOMMENDATION</u>**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party may file written objections to the recommendation within 10 days after

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

DATED:  September 23, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE